# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3746 | **DATE** | 5/23/2013 |
| **CASE TITLE** | Keith Todd Kimbrough (2013-0430140) vs. Tom Dart | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $1.00 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The case is dismissed without prejudice for failure to exhaust the claim through the Cook County Jail's grievance process. 42 U.S.C. § 1997e(a); *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004). Plaintiff's motion for attorney representation [4] is denied as moot. Civil Case Terminated.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

    Pro se Plaintiff Keith Todd Kimbrough, a Cook County Jail detainee, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motion for leave to proceed *in forma pauperis* [3], complaint for an initial review pursuant to 28 U.S.C. § 1915A, [1], and motion for attorney assistance. [4].

    Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $1.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $400 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

    Plaintiff alleges that he was exposed to mold while at the Cook County Jail from April 8, 2013 through April 22, 2013. This resulted in a severe sinus infection that required

**STATEMENT**

hospitalization on April 23rd. Plaintiff was readmitted to the Cook County Jail on April 30th where he continues to be exposed to the alleged improper conditions.

There is no certificate of service for the complaint but it is dated May 9, 2013. The envelope for the complaint is postmarked May 16, 2013, and the complaint was filed by the Clerk on May 20, 2013.

Plaintiff filed the present case while detained the Cook County Jail, and so his case is governed by the requirements of the Prison Litigation Reform Act (PLRA). 42 U.S.C. § 1997e(h); *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004). The PLRA requires Plaintiff to exhaust his claims before bringing them to the Court. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 204 (2007).

The exhaustion process at the Cook County Jail requires the detainee to file a grievance within fifteen days of the incident. *Brengettcy v. Horton*, 423 F.3d 674, 678 (7th Cir. 2005). The Jail must reply to the grievance within thirty days, and the detainee must appeal if unsatisfied with the response provided to the grievance. *Id.*

It is clear from the face of the complaint that Plaintiff has failed to complete the exhaustion process. Plaintiff filed the present suit approximately two weeks after returning to the Jail from the hospital. This would not be enough time to submit a grievance, wait for a response, and file the necessary appeal. The affirmative defense of failure to exhaust the internal jail grievance is properly recognized by the Court because it is present on the face of the complaint. *Jones*, 549 U.S. at 215; *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010).

The complaint is dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004). Plaintiff must exhaust his claim through the Cook County Jail's internal grievance process. He may only proceed with a new suit once he has completed his exhaustion. Plaintiff's motion for attorney representation [4] is denied as moot. Civil Case Terminated.